BERANEK, Judge.
Appellant was charged with attempted first degree murder and aggravated assault and after trial was convicted of aggravated battery and aggravated assault. He appeals raising two points, both of which relate to his mental status — competency to stand trial and insanity at the time of the offense. The facts and circumstances relating to the appellate issues are as follows.
Appellant is a 35 year old Vietnam war veteran. A psychologist’s testimony and appellant’s medical history established an ongoing pattern of severe mental disturbances. Appellant has a 100% psychiatric disability from the United States Air Force. He was first diagnosed as a chronic schizophrenic in a Veterans’ Administration Hospital in 1970. He has received periodic treatment and medication from the Veterans’ Administration. He has previously undergone court-ordered psychiatric treatment stemming from criminal mischief charges. Appellant was shown to suffer from various personal problems. His relationships with his parents were abnormal. He had few friends and spent much of his time drinking in bars where he frequently got into fights. He was diagnosed as a chronic alcoholic.
On the night in question, defendant was sitting in a bar alone. He sat by himself talking out loud and walking around in circles staring at dots on the dance floor. He stumbled as he walked and his speech was slurred beyond understanding. A patron of the bar testified that he heard appellant say something to a bar maid which the patron deemed offensive. As a result, the patron hit the defendant in the face and he fell to the floor where he laid for about five minutes. He got up, left the bar, came back with a gun, and shot the patron. He *397 said nothing before the shooting or afterward. His recollection of the incident was bizarre and not in accordance with any of the witnesses.
Prior to trial, defense counsel had Dr. Weitz, a clinical psychologist, evaluate the defendant for purposes of determining his competency to stand trial. Dr. Weitz concluded Mr. Trucci was mentally ill. He detected disoriented thinking, memory impairment, delusions, moods of depression, and various other severe psychological emotional problems. Dr. Weitz was of the firm opinion that Trucci was not competent to stand trial.
The court considered the question of competency to stand trial and after being presented with the opinion of Dr. Weitz and argument of counsel, concluded, over defense objections, that Trucci was competent. The standard for competency is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational, as well as a factual understanding of the proceedings against him. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Also see Fla.R.Crim.P. 3.211(a). Certainly, the trial court is not absolutely bound by expert opinion as to competency. On the other hand, courts should not ignore uncontested expert testimony particularly when strongly supported by other relevant evidence. Lane v. State, 388 So.2d 1022 (Fla.1980). A further problem is present in this case regarding the court’s decision on competency. When defendant was initially arrested, he went through a screening process whereby another psychologist gave him a brief examination. A fill-in-the blanks type form was checked by this psychologist and although never formally introduced into evidence, this form was considered by the court in determining defendant’s competency. The consideration of this form was over objection of the defendant. It thus appears that the court chose to disregard the admissible evidence on the question and may well have improperly considered evidence which should have been excluded from an evidentiary standpoint.
We thus conclude that the court erred in determining the defendant’s competency. The defendant should have been found incompetent to stand trial and all proceedings thereafter constituted a violation of due process.
We therefore reverse the defendant’s conviction and vacate the order finding him to be competent. The matter is remanded for further proceedings which shall include a redetermination of competency before any subsequent trial. We do not decide the issue of defendant’s sanity at the time of the offense. Defendant is entitled to have this issue decided when, if ever, he is determined to be competent to assist his counsel on the issue.
REVERSED AND REMANDED.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.