470 So.2d 802 (1985)
Robert E. CRONIN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1619.
District Court of Appeal of Florida, Fourth District.
June 12, 1985.
*803 H. Dohn Williams, Jr., of Varon, Bogenschutz, Williams, and Gulkin, P.A., Hollywood, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
BARKETT, Judge.
Appellant Robert Cronin was convicted of trafficking in cannabis (marijuana) in an amount in excess of 10,000 pounds in violation of section 893.135(1)(a)3, Florida Statutes (1983). Appellant was sentenced to the mandatory minimum jail sentence of 15 years, and ordered to pay a fine of $250,000.00. See § 893.135(1)(a)3. Because the jury was not fully instructed on how to determine the weight of the marijuana, we reverse appellant's conviction.
Appellant was arrested in January 1983 while he and others were unloading bales of marijuana from a boat. The State adduced evidence sufficient to prove that appellant was in joint constructive possession of 250 bales of marijuana. See Armbruster v. State, 453 So.2d 833 (Fla. 4th DCA 1984), rev. denied, 461 So.2d 113 (Fla. 1985). The State also adduced evidence that these bales had a cumulative weight of 11,325.4 pounds. Appellant's expert testified that although he determined a cumulative weight of 11,357 pounds, this figure included plastic and burlap wrappings of 1,013 pounds, and "adventitious" or excess water weight of 420 pounds. He described adventitious water weight as water that has been added extrinsically to the marijuana or that the marijuana had accidentally acquired; water that one normally would not expect to find in the plant. This excess water weight was allegedly added when at least one of the bales fell into a canal, and when all of the bales were exposed to the sea during a preceding ocean voyage. Subtracting the weight of the wrappings and the weight of the excess moisture not normally found in marijuana, the expert found that the marijuana weighed 9,924 pounds. Thus, if the expert's testimony had been credited by the jury and applied to the facts of this case, the jury could properly have found that the actual weight of the marijuana without the wrappings and excess water was less than 10,000 pounds.[1]
At trial, appellant requested two jury instructions concerning the weight of the marijuana. The first concerned itself with wrappings:
In determining the weight of the cannabis, you may not consider the weight of the burlap or the plastic wrappings of the 250 bales of cannabis in determining whether the cannabis weighed 10,000 pounds or more.
The second instruction concerned itself with the excess water weight:
In determining the weight of the cannabis, you may not consider what, if any, adventitious or excess water weight the 250 bales of cannabis may have contained.
The trial court denied the first instruction; however, it gave a modified instruction which read, "When you consider the weight, the weight is absent any wrappings." The trial court denied the second requested instruction and gave no instruction as to excess water weight. The issue of the omitted jury instruction was preserved for appeal. State v. Heathcoat, 442 So.2d 955 (Fla. 1983).
Litigants have the right to have the trial court instruct the jury on the law applicable to the issues presented, as long as there is evidence adduced at trial legitimately creating those issues. Tilley v. Broward Hospital District, 458 So.2d 817 *804 (Fla. 4th DCA 1984); Goodman v. Becker, 430 So.2d 560 (Fla. 3d DCA 1983). The standard for reviewing the failure to give a jury instruction is whether there was a reasonable possibility that the jury could have been misled by the failure to give that instruction. An appellate court must examine the entire charge to a jury in determining whether the jury could have been misled. Tilley v. Broward Hospital District, supra; Marcum v. State, 379 So.2d 974 (Fla. 5th DCA 1979) (on rehearing), cert. denied, 389 So.2d 1112 (Fla. 1980); Diez v. State, 359 So.2d 55 (Fla. 3d DCA 1978); Little v. Miller, 311 So.2d 116 (Fla. 4th DCA 1975). See also Randolph v. State, 463 So.2d 186 (Fla. 1984).
In the instant case, appellant legitimately created an issue as to the weight of the seized marijuana. Cannabis is statutorily defined as follows:
"Cannabis" means all parts of any plant of the genus Cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin.
§ 893.02(2), Fla. Stat. (1983). The statutory definition does not encompass the wrappings around a bale of marijuana, soil commingled with marijuana, or excess water that is not inherent in the vegetable matter of a marijuana plant. See Jordan v. State, 419 So.2d 363 (Fla. 1st DCA 1982). Appellant's expert testified that the wrappings and excess water may have inflated the weight of the confiscated marijuana from something less than 10,000 pounds to something more than 10,000 pounds. Accordingly, under the testimony in this case appellant had the right to have the jury instructed that excess water weight which has been added to the natural state of marijuana, and which increases its weight, cannot be considered in determining the weight of the marijuana. This is especially so in light of the given instruction that the weight of the bale wrappings could not be considered in determining the weight of the marijuana; although this instruction clearly was proper, it may, by negative implication, have had the incidental effect of indicating to the jury that excess water weight could properly be considered.
We note that, as in this case, expert testimony can be used to establish the amount of excess water weight in a quantity of marijuana. Expert testimony, however, is not binding on the trier of fact even when that testimony is uncontradicted. See Collins v. State, 431 So.2d 225 (Fla. 4th DCA 1983); Trucci v. State, 438 So.2d 396 (Fla. 4th DCA 1983). A jury is free to weigh an expert's testimony, and may reject it. Sands v. State, 403 So.2d 1090 (Fla. 3d DCA 1981); State v. Ward, 374 So.2d 1128 (Fla. 1st DCA 1979). Nevertheless, once such testimony is adduced, the jury should be instructed on what to do with it. Here, the jury was not so instructed; consequently, there is a reasonable possibility the jury could have been misled.
Appellant's other points on appeal are without merit.
REVERSED AND REMANDED for a new trial in accordance herewith.
HURLEY and WALDEN, JJ., concur.
NOTES
[1] If appellant had successfully proven that the marijuana weighed less than 10,000 pounds (but more than 2,000 pounds) his mandatory minimum jail sentence would have been reduced from 15 years to 5 years, and the amount of his fine would have been decreased. See § 893.135(1)(a)2, Fla. Stat. (1983).