PER CURIAM.
William Manno was charged with manslaughter (Count I) and manslaughter by operating a motor vehicle while intoxicated (Count II). A jury found Manno guilty of vehicular homicide, a lesser included offense of Count I and not guilty of Count II. Manno filed a motion for new trial alleging that the trial court erred in failing to instruct the jury on the charge of reckless driving as he had requested. The state conceded that reckless driving is a necessarily lesser included offense of vehicular homicide; however, it argued that the instruction was not required in this case because the cause of death was undisputed. We affirm the trial court’s decision granting Manno a new trial.
Defense counsel’s cross-examination of the medical examiner was positively directed at the possibility that the victim’s death was caused by hospital doctors’ negligent treatment of the victim. Further, some of the evidence of unrepaired lacerations on the victim’s liver supported the defense’s theory. A defendant is entitled to instructions on a theory of a defense where it is supported by the evidence. See Vazquez v. State, 518 So.2d 1348 (Fla. 4th DCA 1987); Cronin v. State, 470 So.2d 802 (Fla. 4th DCA 1985). As established in State v. Barritt, 531 So.2d 338, 339 (Fla.1988):
If vehicular homicide is charged, a requested instruction on reckless driving need not be given where it is undisputed that a death has occurred as a result of the accident, (emphasis added)
In the instant case, because the cause of death was disputed, Manno was entitled to the instruction he requested.
Accordingly, the decision of the trial court is affirmed.