JOANOS, Chief Judge.
This is an appeal from assessment of a tax deficiency in the amount of $270,799.02, based on the confiscation of 171 marijuana plants from the property of appellant Joe Hatch. Appellant contends the Department of Revenue failed to establish a fair “estimated retail value” of the marijuana plants, and failed to prove that unprocessed marijuana has any value. We reverse.
The record reflects that after the marijuana at issue was discovered growing on appellant’s property, it was cut off at the root, wrapped in bed sheets in bundles of approximately ten plants per bundle, and loaded in a truck which had been weighed prior to loading. The vehicle weighed 450 pounds more after the bundles of marijuana were loaded. The amount of the tax deficiency was determined by multiplying the 450 pounds deemed to represent the weight of the marijuana by a price which appeared on a Florida Department of Law *1078 Enforcement (FDLE) list of prices of processed marijuana. The price list is compiled from data assembled by FDLE, reflecting street prices of different grades of marijuana which has been processed to the point that it is ready for use.
In the recommended order, the hearing officer assigned to hear appellant’s challenge to the amount of the tax assessment, found that the value of the marijuana seized was established by reference to an FDLE document reflecting a marijuana street price of $600.00 per pound as of June 7, 1989, the relevant time period. The hearing officer further found that no evidence was submitted showing what parts of the marijuana plant are used in preparing marijuana to be rolled into “joints” or smoked in a pipe, and no evidence was submitted concerning the number of pounds of processed ready-to-use marijuana that can be obtained from a given number of pounds of growing marijuana plants. As a conclusion of law, the hearing officer found the validity of the assessment was rebutted by the fact that the seized marijuana plants had not been processed, and thus could not be valued at $600.00 per pound. While accepting the Department’s argument that all parts of the cannabis plant are illegal and therefore subject to taxation, the hearing officer determined that the valuation for tax purposes is the “estimated retail price.” In the hearing officer’s view, the Department failed to prove by a preponderance of the evidence that the marijuana plants seized from appellant’s property had an estimated price of $600.00 per pound, or any retail price. Consequently, the hearing officer recommended that the assessment against appellant be dismissed.
In its final order, the Department accepted and incorporated by reference the hearing officer’s findings of fact, but rejected his interpretation of the law. The final order states in part that “the entire marijuana plant or derivative of the plant is subject to taxation,” and that the price list for processed marijuana was a proper basis upon which to determine the estimated retail value of the subject marijuana. The Department sustained the assessment against appellant, based on its conclusion that since section 212.0505, Florida Statutes, does not draw a distinction between processed and unprocessed marijuana, the Department was not required to prove the specific value of the marijuana plants.
The contested tax deficiency assessment in this case was predicated upon section 212.0505(l)(a), Florida Statutes (1989), which provides:
Every person is exercising a taxable privilege who engages in this state in the unlawful sale, use, consumption, distribution, manufacture, derivation, production, transportation, or storage of any medicinal drug as defined in chapter 465, cannabis as defined in s. 893.02, or controlled substance enumerated in s. 893.-03. For the exercise of such privilege, a tax is levied on each taxable transaction or incident, including each occasional or isolated unlawful sale, use, consumption, distribution, manufacture, derivation, production, transportation, or storage, at the rate of 50 percent of the estimated retail price of the medicinal drug, cannabis, or controlled substance involved in the transaction or incident. (Emphasis supplied.)
Section 893.02, Florida Statutes (1989), defines cannabis as “all parts of any plant of the genus Cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin.” Cases dealing with the weight of cannabis are directed to proof of an element of the offenses of trafficking or possession, rather than to proof of weight for tax purposes. In this context, the section 893.02 definition of cannabis does not encompass the wrappings around a bale of marijuana, or excess water that is not inherent in the vegetable matter of a marijuana plant. Jordan v. State, 419 So.2d 363, 364 (Fla. 1st DCA 1982); Cronin v. State, 470 So.2d 802, 804 (Fla. 4th DCA 1985).
Although the definition of cannabis set forth in section 893.02(3), and incorporated *1079 by reference into section 212.0505, suggests legislative intent to tax all parts of a marijuana plant, the specific language of the taxing provision directs that such tax assessment is “50 percent of the estimated retail price of the ... cannabis.” The statute provides no guidelines for determining the estimated retail price of marijuana. The term “retail” has been defined as—
A sale for final consumption in contrast to a sale for further sale or processing (i.e. wholesale). A sale to the ultimate consumer.
Black’s Law Dictionary 1182 (5th ed. 1979).
The confiscated marijuana at issue in this case consisted of fresh plants, cut off at the root, which were bundled in groups of ten and wrapped, using bed sheets as packing material. The 450 pounds assessed against included all parts of the plant from the root up, together with the weight of approximately seventeen bed sheets. Under the rule enunciated in Jordan v. State and Cronin v. State, the weight of the wrappings and any weight attributable to the moisture content of the freshly cut plants could not be included in the determination of the amount of marijuana to be taxed. Further, and more importantly, the expression of legislative intent to tax marijuana activities on the basis of “estimated retail price,” precludes application of the retail street price of processed marijuana to unprocessed, freshly cut marijuana plants, for tax assessment purposes.
Accordingly, the order of the Department of Revenue sustaining a tax assessment against appellant in the amount of $270,799.02 is reversed, and the cause is remanded for further proceedings to determine the “estimated retail value” of the subject unprocessed marijuana.
SMITH and MINER, JJ., concur.