840 So.2d 1121 (2003)
The STATE of Florida, Appellant,
v.
Manuel CASTRO, Appellee.
No. 3D02-712.
District Court of Appeal of Florida, Third District.
March 26, 2003.
Charles J. Crist, Jr., Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellant.
Ileana Haedo, for appellee.
Before SCHWARTZ, C.J., and COPE, and WELLS, JJ.
WELLS, Judge.
The State appeals from an order reducing a charge of trafficking in cannabis to a charge of possession of cannabis. We reverse.
Section 893.135, Florida Statutes (2002) provides in part:
(1) Except as authorized in this chapter or in chapter 499 and notwithstanding the provisions of s. 893.13:
(a) Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of 25 pounds of cannabis, or 300 or more cannabis plants, commits a felony of the first degree, which felony shall be known as "trafficking in cannabis," punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(Emphasis added).
Defendant was initially charged with one count of possession of cannabis and one count of trafficking in cannabis. At Defendant's arraignment, the trial judge expressed the opinion that because the defendant's arrest was based on possession of fewer than 300 plants, the trafficking charge could not stand even though the weight of the confiscated cannabis plants was admittedly greater than 25 pounds. We disagree.
Section 893.02, Florida Statutes (2002), defines the term cannabis as including "all" parts of any plant whether growing or not:

*1122 (3) "Cannabis" means all parts of any plant of the genus Cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin.
(Emphasis added).
Reading this provision with section 893.135, it is clear to us that the trial judge erred in concluding that the evidence mandated the reduction of the charge of trafficking to a charge of possession. We find the Fifth District's observations in Carlson v. State, 27 Fla. L. Weekly D2162, 2002 WL 31202145, ___ So.2d ___ (Fla. 5th DCA 2002), to be directly on point.[1] In Carlson, the Fifth District, in considering a similar claim, observed:
We further find that combining the weight of the processed cannabis with the weight of the growing plants in order to reach the prohibited amount was not error. The general definition of cannabis does not require a distinction between processed and unprocessed cannabis. See section 893.02(3), Fla. Stat. Merely because the legislature has since also defined "cannabis plant" does not detract from the general definition of cannabis. The purpose of also making the possession of "300 or more cannabis plants" a trafficking offense is to prohibit dealing in large numbers of plants regardless of their weight. By not changing the general definition of cannabis, it is clear that the legislature did not mean to prohibit a trafficking charge based on the weight of a combination of processed and unprocessed cannabis.
(Emphasis added).
We agree with this analysis. The trial court erred in concluding that reduction in the trafficking charge was necessary. Accordingly, the order under review is reversed and the matter remanded.
NOTES
[1] We note that the hearing in the case sub judice occurred in February of 2002 while Carlson was not issued until October 4, 2002.