PER CURIAM.
The state appeals an order dismissing a trafficking in cannabis charge against the appellant. Sanchez was charged by information with trafficking in cannabis in violation of section 893.135(1), Fla. Stat. (2002), and possession of cannabis (more than 20 grams) in violation of section 893.13(6)(a), after police discovered 129 cannabis plants, weighing 75 pounds, inside of his personal residence. Defense counsel filed a sworn motion to dismiss the charge of trafficking in cannabis on the grounds that the number of cannabis plants found were less than the amount prescribed by section 893.135(l)(a).[1] The trial court granted the motion to dismiss, and reduced the trafficking charge to possession of marijuana with intent to sell or deliver.
We reverse based upon our recent decision in State v. Castro, 840 So.2d 1121 (Fla. 3d DCA 2003). In Castro, we agreed with our sister court in Carlson v. State, 27 Fla. L. Weekly D2162, — So.2d -, 2002 WL 31202145 (Fla. 5th DCA Oct. 4, 2002), that the weight of processed cannabis could be combined with the weight of growing plants in order to reach the amount necessary to qualify for a trafficking offense. Therefore, Sanchez’s charge of trafficking was properly justified by the 75 pounds of cannabis (both processed and unprocessed) found in his residence.
Accordingly, the order under review is reversed with directions that the trafficking charge be reinstated.

. Section 893.135(l)(a) provides:
Any person who knowingly sells, purchases, manufacturers, delivers, or brings into this state, or who is knowingly in actual or constructive possession of in excess of 25 pounds of cannabis, or 300 or more cannabis plants, commits a felony of the first degree....