PER CURIAM.
The State appeals an order granting Eduardo Giralt’s (“defendant”) motion to dismiss, claiming there was a material fact in dispute and that the undisputed facts established a prima facie case against the defendant for trafficking cannabis. We agree and reverse.
In November of 2001, the police station received a call that the defendant’s home was being burglarized. The first police officer to respond to the call observed a vehicle parked in the defendant’s driveway, occupied by a white male. Two other males were walking along the side of the residence pulling a comforter containing objects, including marijuana, from inside the house.
A subsequent officer arrived on the scene and obtained a search warrant. Upon entering the defendant’s residence, he discovered a hydroponic lab and hydroponically grown marijuana. A further search of the premises revealed a plastic bag full of money and a total of 38.2 pounds of marijuana. Thereafter, the defendant surrendered to the police and was arrested.
The defendant was charged with trafficking cannabis, and sought to dismiss the constructive possession charge on the basis that the State’s case consisted only of the fact that the defendant was the joint owner of the home. According to the defendant, the undisputed facts did not set forth a prima facie case that the defendant was in actual or constructive possession of the marijuana. The State disagreed and filed a traverse. Following a hearing, the trial court granted the defendant’s motion to dismiss.
It is well settled under Florida law that a legally sufficient sworn motion to dismiss must allege that material facts are undisputed, describe what those facts are, and “demonstrate that the undisputed material facts fail to establish a prima facie case of guilt against the defendant.” Fla. *985 R.Crim. P. 3.190(c)(4); see State v. Sedlmayer, 375 So.2d 887 (Fla. 3d DCA 1979). In assessing a motion to dismiss, all facts and inferences are to be reviewed in the light most favorable to the State. See State v. Kalogeropolous, 758 So.2d 110 (Fla.2000); State v. Ortiz, 766 So.2d 1137 (Fla. 3d DCA 2000). Even in cases involving purely circumstantial evidence, the issue of whether such circumstantial evidence excludes all reasonable hypotheses of innocence “may only be decided at trial, after all of the evidence has been presented.” State v. Ortiz, 766 So.2d at 1142.
Here, the defendant admitted in his motion to dismiss that he and his wife were the legal owners of the house. Men’s and women’s clothes were found in the residence along with bills and documents solely in the defendant’s name. The hydroponic laboratory and marijuana were found in one of the bedrooms and it is undisputed that the defendant knew the illicit nature of the marijuana and had been in the home earlier that same day.
Construing these facts in the light most favorable to the State, it is not inconceivable that a reasonable jury would find that the defendant occupied the home, and had knowledge and control over the marijuana and hydroponic lab. Accordingly, we reverse the order below, finding the constructive possession issue should have been presented to the jury, and that the trial court erred in granting the motion to dismiss. See State v. Kalogeropolous, 758 So.2d 110 (Fla.2000); State v. Rodriguez, 640 So.2d 206 (Fla. 4th DCA 1994); Jean v. State, 638 So.2d 995 (Fla. 4th DCA 1994).
Reversed.