ON MOTION FOR REHEARING GRANTED

PER CURIAM.
The State appeals the trial court’s order reducing a charge of trafficking in cannabis to a charge of possession of cannabis. We reverse. In his motion for rehearing, the appellee, Jorge Velasquez, raises, for the first time, the sole issue of whether an appellate court has jurisdiction to review a trial court’s order reducing a criminal charge. See State v. Richars, 792 So.2d 570 (Fla. 4th DCA 2001). We have ruled that we do have jurisdiction in such cases. State v. Exposito, 854 So.2d 674 (Fla. 3d DCA 2003). We therefore grant the appellee’s motion for rehearing, withdraw our previous opinion of June 30, 2004, and issue this opinion in its stead. In so doing, we certify conflict with the Fourth District’s opinion in Richars.
Jorge Velasquez was charged with one count of trafficking in cannabis after officers recovered 55 cannabis plants, weighing 30 pounds total. Velasquez moved to dismiss, arguing that 300 plants are needed to sustain a trafficking charge. The trial court granted Velasquez’s motion and Velasquez pled guilty to a possession count.
The applicable statute provides, in pertinent part:
Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of 25 pounds of cannabis, or 300 or more cannabis plants, commits a felony of the first degree, which felony shall be known as “trafficking in cannabis[J”
§ 893.135(l)(a), Fla. Stat. (2002) (emphasis added). Velasquez argues that the phrase “in excess of 25 pounds of cannabis” refers only to processed cannabis and that unprocessed cannabis plants, though weighing more than 25 pounds, do not meet the statute’s requirements for trafficking unless they reach 300 in number. We disagree. The statutory definition of cannabis does not distinguish between processed and unprocessed cannabis. See § 893.02(3), Fla. Stat. (2001); State v. Castro, 840 So.2d 1121, 1121-22 (Fla. 3d DCA 2003). Therefore, 25 pounds of cannabis is 25 pounds of cannabis, whether it is in processed or unprocessed form.[1] Since Velasquez had 30 pounds of cannabis, albeit in unprocessed form, the trial court erred in reducing the trafficking charge to a possession charge.
Velasquez argues, in the alternative, that section 893.135(l)(a) is unconstitutional because it is derived from chapter 99-188, Laws of Florida, which violates the single subject rule.[2] Velasquez fails to recognize that the 2002 legislature re-enacted section 893.135(l)(a) in chapter 02-212, section 1, at 1454-55, Laws of Florida, *1261 which became effective April 29, 2002.[3] See Ch. 02-212, § 5, at 1499; Wright v. State, 869 So.2d 24, 25 (Fla. 2d DCA 2004). Velasquez’s crime was committed May 6, 2002, after the section was re-enacted, so chapter 02-212 governs. Velasquez’s argument regarding chapter 99-188, therefore, is inapplicable.
Accordingly, the trial court order is reversed and the case remanded. Conflict certified.

. Wrapping materials, commingled soil, and excess water not inherent in the plant’s vegetable matter, however, may not be included in its weight. Cronin v. State, 470 So.2d 802, 804 (Fla. 4th DCA 1985).

. There is a conflict among districts on this issue. See State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA) (en banc) rev. granted, Franklin v. State, 854 So.2d 659 (Fla.2003); Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002).

. The legislature decreased the amount of cannabis necessary for a trafficking charge from 50 pounds to 25 pounds. Ch. 02-212, § 1, at 1454-55, Laws of Fla.