LAGOA, J.
 

 The State of Florida appeals orders dismissing the information charging Cristian Estrada and Rodolfo Cortina (collectively “defendants”) with trafficking in cannabis. We reverse.
 

 Defendants were charged with trafficking in cannabis pursuant to section 893.135(l)(a), Florida Statutes (2008), which requires that the cannabis seized weigh in excess of twenty-five pounds. When the defendants were initially arrested and the contraband was seized, the cannabis weighed twenty-six pounds.
 
 [1]
 
 Approximately seventeen months later, the defendants’ expert witness, Dr. Hall, weighed the cannabis again. He discovered that a pool of liquid had formed at the bottom of the container holding the cannabis and packaging. When Dr. Hall reweighed the cannabis without the packaging and the liquid, the cannabis weighed twenty-four pounds.
 

 Defendants filed sworn motions to dismiss asserting that no material facts were in dispute because the weight of the cannabis was below the twenty-five pound requirement for the charged trafficking offenses. The State filed a traverse that did not dispute that the cannabis weighed twenty-four pounds without the liquid and the packaging. However, it asserted that the liquid was not present in the container when the cannabis was initially weighed and that expert testimony would explain to the trier of fact the reason for the difference in weight from the date of impounding to the date of re-weighing by Dr. Hall. The State agreed that there was now water in the container, but that the expert would explain the breakdown of the plants and how water seeps from the plants during storage. The State argued that the case law permits the inclusion of such water in weighing the plants.
 

 In ruling on defendants’ motions, the court stated that “nobody buys wet weed,” that wet cannabis cannot be smoked, and that cannabis cannot be used when it still has water content. Relying on this observation, the trial court found that the determinative weight of the cannabis was twenty-four pounds, and concluded that the weight for the purpose of the trafficking statute does not include any plant moisture. Based on this legal conclusion, the court granted the motions to dismiss the trafficking charges.
 

 We agree with the State’s contention on appeal that the trial court’s reasoning in dismissing the trafficking charges was error.
 
 [2]
 
 The trial court’s ruling fails to apply the correct definition of cannabis. In pertinent part, section 893.135(l)(a), provides that trafficking in cannabis is a first-degree felony when a person knowingly sells, purchases, manufactures, delivers, brings into this state, or actually or constructively possesses “in excess of 25 pounds of cannabis.” “Cannabis” is de
 
 *373
 
 fined as “all parts of any plant of the genus
 
 Cannabis,
 
 whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin.” § 893.02(3), Fla. Stat. (2008). This statutory definition has been construed to exclude only “[w]rapping materials, commingled soil, and
 
 excess water not inherent in the plant’s vegetable matter.” State v. Velasquez,
 
 879 So.2d 1259, 1260 n. 1 (Fla. 3d DCA 2004) (emphasis added) (citing
 
 Cronin v. State,
 
 470 So.2d 802, 804 (Fla. 4th DCA 1985));
 
 see also Jordan v. State,
 
 419 So.2d 363 (Fla. 1st DCA 1982),
 
 abrogated on other grounds by Fenelon v. State,
 
 594 So.2d 292 (Fla.1992). “Excess water” has been described as “waterthat has been added extrinsically to the marijuana or that the marijuana had accidentally acquired; water that one normally would not expect to find in the plant.”
 
 [3]
 

 Cronin,
 
 470 So.2d at 803 (testimony provided by expert witness). As the cases and statute provide, the definition of “cannabis,” rather than encompassing contraband in its dried, consumable form, excludes only the “water not inherent in the plant’s vegetable matter” when determining whether the cannabis seized is in excess of section 893.135(l)(a)’s twenty-five pound weight requirement.
 
 [4]
 
 ,
 
 [5]
 

 Cf. State v. Velasquez,
 
 879 So.2d 1259, 1260 (Fla. 3d DCA 2004) (holding that the “statutory definition of cannabis does not distinguish between processed and unprocessed cannabis”);
 
 Jones v. State,
 
 589 So.2d 1001, 1002 (Fla. 3d DCA 1991) (court may not judicially amend statute to require that quantity of drugs possessed “be somehow ‘usable’ for sale or consumption”).
 

 Applying the correct definition of cannabis, it is clear that the trial court erred in dismissing the charges. “The purpose of a motion to dismiss is to allow a pretrial determination of the law of the case when the facts are not in dispute.”
 
 Smith,
 
 67 So.3d at 411 (quoting
 
 State v. Pasko,
 
 815 So.2d 680, 681 (Fla. 2d DCA 2002)). Construing the facts in the light most favorable to the State, with all inferences resolved against the defendants,
 
 see State v. Arnal,
 
 941 So.2d 556, 558 (Fla. 3d DCA 2006);
 
 State v. Giralt,
 
 871 So.2d 983, 985 (Fla. 3d DCA 2004), a reasonable jury could find that the cannabis weighed in
 
 *374
 
 excess of twenty-five pounds as required to prove trafficking in cannabis.
 

 Here, the undisputed facts show that the cannabis weighed twenty-six pounds when it was seized and that it weighed less than the statutory amount when weighed again by the defendants’ expert. However, the cannabis weighed less than the statutory amount only because the expert excluded all of the liquid found at the bottom of the container when he reweighed the cannabis. It is undisputed that the live and freshly-cut cannabis plants were seized directly from the hydroponics lab and from Estrada’s vehicle as he drove from the lab. As such, the cannabis had not been transported by boat and had not fallen into a canal or other body of water, thereby providing the occasion for “excess water” to be added to the plants.
 
 See Cronin,
 
 470 So.2d at 804 (holding that an issue of fact existed whether the wrappings and excess water may have increased the weight of the marijuana bales, which had been exposed to the sea and had fallen into a canal);
 
 see also Pama v. State,
 
 552 So.2d 309, 311 (Fla. 2d DCA 1989) (noting that deputy sheriff testified as to estimate of weight, without wrappings and excess water, of marijuana bales, which were so damp from bilge water that the bales “seeped” water in truck). Because the undisputed facts establish that the State could present a prima facie case of trafficking under section 893.135(l)(a), the trial court erred in dismissing the charges. We, therefore, reverse the orders under review.
 

 Reversed and remanded.
 

 [1]
 

 . The officers seized twenty-four cannabis plants from the hydroponics lab and six live plants and six cut plants from Estrada’s vehicle. "Hydroponics is 'the science of growing plants in chemicals and water without the use of soil.’ ”
 
 Moreno-Gonzalez v. State,
 
 67 So.3d 1020, 1022 n. 1 (Fla.2011) (quoting
 
 S-C Indus. v. Am. Hydroponics Sys., Inc.,
 
 468 F.2d 852, 853 n. 1 (5th Cir.1972)).
 

 [2]
 

 . The standard of review of the orders dismissing the information is de novo.
 
 See State v. Smith,
 
 67 So.3d 409 (Fla. 4th DCA 2011).
 

 [3]
 

 . It also must be noted that the statute's definition of cannabis includes plants "whether growing or not.” § 893.02(3), Fla. Stat. Because a "growing” cannabis plant in its natural state contains water, the statutory definition of cannabis necessarily encompasses the moisture naturally contained within the plant.
 
 See United States v. Garcia,
 
 925 F.2d 170, 172 (7th Cir.1991) ("Indeed, water is a natural component of the growing marijuana plant_”).
 

 [4]
 

 . In this case, we only consider whether the determinative weight of the cannabis must exclude all plant moisture. Because the contraband was grown in a hydroponic lab, there is no issue as to the weight of commingled soil. In addition, it is undisputed that the de minimis weight of the packaging must be excluded.
 

 [5]
 

 .Defendants’ reliance on
 
 Hatch v. State, Department of Revenue,
 
 585 So.2d 1077 (Fla. 1st DCA 1991), is misplaced. To the extent that
 
 Hatch
 
 concludes that “any weight attributable to the moisture content of the freshly cut plants could not be included in the determination of the amount of marijuana to be
 
 taxed," id.
 
 at 1079 (emphasis added), we decline to apply
 
 Hatch’s
 
 definition of cannabis to this case involving a criminal statute.
 
 Hatch’s
 
 construction is limited to tax assessment cases, where, unlike the trafficking statute, the court must determine the “estimated
 
 retail price "
 
 of the cannabis for tax assessment purposes.
 
 See id.
 
 at 1078 (noting that cases dealing with cannabis weight (citing
 
 Jordan
 
 and Cronin) "are directed to proof of an element of the offenses of trafficking or possession, rather than to proof of weight for
 
 tax
 
 purposes”) (emphasis added).