482 So.2d 1388 (1986)
The STATE of Florida, Appellant,
v.
Marlow K. SMULOWITZ, Appellee.
No. 84-1176.
District Court of Appeal of Florida, Third District.
January 28, 1986.
Jim Smith, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellant.
Robert Hall Martin, Miami, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.

ON REHEARING
PER CURIAM.
We grant the defendant's motion for rehearing, vacate our prior opinion filed in this cause on July 23, 1985, and affirm the order under review. We reach this result for three reasons.
First, we conclude, contrary to our prior opinion herein, that this court has jurisdiction to entertain the state's appeal. The order appealed from dismisses the crime charged in the information filed below  second degree murder  and reduces the charge to a necessarily included offense  battery  upon a defense motion *1389 filed pursuant to Fla.R.Crim.P. 3.190(c)(4). Such an order, in our view, is the functional equivalent of a dismissal of an information or any count thereof and is accordingly appealable by the state under Section 924.07(1), Florida Statutes (1983), based on the authority of State v. Hankerson, 482 So.2d 1386 (Fla. 3d DCA 1985), rendered this date. Hankerson holds, and we agree, that such an order is appealable by the state under the above statute.
Second, we reject the state's basic position on the merits of this appeal that the trial court had no authority under Fla. R.Crim.P. 3.190(c)(4) to dismiss the charge of second degree murder in the information herein and thereafter reduce the charge to the necessarily included offense of battery. The court by such an order has, in fact, dismissed a count in an information charging second degree murder which the above rule plainly empowers it to do where, as here, the undisputed material facts in the cause do not establish a prima facie case of guilt against the defendant. Indeed, to accept the state's appeal under Section 924.07(1), Florida Statutes (1983), as we have done, on the theory that it is an appeal from an order dismissing an information or any count therein  necessarily requires us to reject the state's argument that the order under review is unauthorized under Fla.R.Crim.P. 3.190(c)(4) because it is not really a dismissal of an information or any count therein.
Third, we reject the state's further arguments on appeal that the motion to dismiss should have been denied because (1) the motion was not properly sworn to, and (2) the state's "traverse/demurrer" put in issue material facts in the case. The motion to dismiss specifically alleges the facts on which the motion is based and is supported by sworn deposition testimony. This procedure fully complies with the requirement that "[t]he facts on which such motion is based should be specifically alleged and the motion sworn to." Fla.R. Crim.P. 3.190(c)(4). See State v. McIntyre, 303 So.2d 675, 676 (Fla. 4th DCA 1974); see also State v. Torres, 375 So.2d 889, 891 (Fla. 3d DCA 1979). Moreover, the state's "traverse/demurrer" failed to deny any material facts in the case and, accordingly, the trial court was free to rule on the merits of the motion based on the material undisputed facts sworn to below. See State v. Oberholtzer, 411 So.2d 376 (Fla. 4th DCA), pet. for review denied, 419 So.2d 1199 (Fla. 1982); State v. Merritt, 394 So.2d 531, 532 (Fla. 3d DCA 1981); Ellis v. State, 346 So.2d 1044, 1046 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla. 1977); see also State v. Holliday, 431 So.2d 309, 311 (Fla. 1st DCA 1983).
Affirmed.
HUBBART and NESBITT, JJ., concur.
BASKIN, Judge (dissenting).
Defendant Smulowitz filed a Sworn Motion to Reduce Charge [of Second Degree Murder] to Battery, relying on Florida Rule of Criminal Procedure 3.190. The majority opinion holds that Rule 3.190 authorizes the trial court's reduction of the charge as the "functional equivalent" of a dismissal; the court cites State v. Hankerson, 482 So.2d 1386 (Fla. 3d DCA 1986), released simultaneously with this opinion, as authority. I respectfully dissent for two reasons.
First, I reject the proposition that merely by calling a reduction a dismissal, the court may permit the state to appeal an otherwise unappealable order. § 924.07, Fla. Stat. (1981); Fla.R.App.P. 9.140(c)(1); State v. Creighton, 469 So.2d 735 (Fla. 1985).
Second, I reject the "functional equivalent" standard used by the majority insofar as it ignores the explicit language of Rule 3.190 and grants the trial court authority to reduce a charge. Rule 3.190 authorizes no such act.
Rule 3.190 provides in pertinent part:
RULE 3.190. PRE-TRIAL MOTIONS
... .
(b) Motion to Dismiss. Grounds. All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment *1390 or information whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.
... .
(c) ... Except for objections based upon fundamental grounds, every ground for motion to dismiss which is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:
... .
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.
... .
(e) Effect of Sustaining a Motion to Dismiss. If the motion to dismiss is sustained the court may order that the defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment or information. If a new indictment or information is not filed within the time specified in the order, or within such additional time as the court may allow for good cause shown, the defendant, if in custody, shall be discharged therefrom, unless some other charge justifies a continuation in custody. If he has been released on bail he and his sureties shall be exonerated; if money or bonds have been deposited as bail such money or bonds shall be refunded.
(f) Order Dismissing. For the purpose of construing Section 924.07(1), Florida Statutes (1969), the statutory term "order quashing" shall be taken and held to mean "order dismissing."
Nowhere does the rule authorize either the filing of a motion to reduce the charge or the granting of such a motion by the trial court. On the contrary, section 3.190(e) contemplates only a dismissal. It provides that if a motion to dismiss is sustained by the court, the state may file a new information.[*] On the other hand, a reduction of the charge leaves unanswered questions as to the viability of the original charge.
Implicit in the majority opinion is a presumption that both the legislature's failure to authorize a state appeal from a reduction of a charge and the supreme court's failure to provide a means for the trial court to reduce a charge were inadvertent omissions. I discern no reason for assuming such an oversight. If, however, the majority's presumption is valid, the responsibility to correct this omission rests, not with this court, but with the legislature and the supreme court.
In conclusion, I would dismiss the state's appeal as improper under section 924.07, Florida Statutes (1981). Alternatively, if the merits were to be reached, I would hold that the trial court's action in reducing the charge is not authorized by law, and that the only appropriate relief provided by Rule 3.190(c) is dismissal of the information. State ex rel. Bludworth v. Kapner, 394 So.2d 541, 543 (Fla. 4th DCA 1981).
NOTES
[*] Fla.R.Crim P. 3.190(c) committee note (1968) states that a dismissal under the rule is not a bar to subsequent prosecution.