482 So.2d 1386 (1986)
The STATE of Florida, Appellant,
v.
Johnnie HANKERSON, Appellee.
No. 84-2012.
District Court of Appeal of Florida, Third District.
January 28, 1986.
Jim Smith, Atty. Gen., and G. Bart Billbrough, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
"[W]e should have a great many fewer disputes in the world, if words were taken for what they are, the signs of our ideas only; and not for things themselves."[1]
*1387 The pretrial order from which the State takes this appeal is one reducing a charge of robbery to theft because, in the trial court's view, the facts, as recounted in the defendant's unrebutted and untraversed sworn motion to reduce, did not support a robbery prosecution. Hankerson, faced with the unenviable task of defending this ruling that plainly runs counter to our holding in Stufflebean v. State, 436 So.2d 244 (Fla. 3d DCA 1983),[2] attempts to avoid reversal by moving to dismiss the State's appeal on the ground that although we clearly have jurisdiction over an appeal by the State from an order dismissing an indictment or information or any count thereof,[3] we are without jurisdiction to review an order reducing the offense charged. We deny the motion to dismiss and reverse the order under review.
Analytically, an order reducing a charge set forth in the information or indictment to some lesser-included charge is, despite its label, an order dismissing the charge in the information. Indeed, were the defendant's motion truly not one to dismiss, there would be neither authority for its filing nor its granting, since Florida Rule of Criminal Procedure 3.190(c)(4), which provides the sole authority for this summary pretrial procedure, and pursuant to which the defendant's motion was filed, authorizes motions to dismiss, not motions to reduce. The sole determination to be made by the trial judge in ruling on this "motion to reduce" is whether the undisputed facts support the charge of robbery. Labeling the motion as one to reduce rather than dismiss is merely an acknowledgment by the defendant that the thrust of his motion goes to an element  force  which if not capable of being proved does not completely exonerate him, but instead leaves him amenable to conviction for some lesser offense  here, theft. But, as is well established, the label a party gives to a motion does not control its legal effect or the appealability of an order disposing of the motion. See State ex rel. Sebers v. McNulty, 326 So.2d 17 (Fla. 1975) (defendant's renewed motion for mistrial after guilty verdict was in legal effect a motion for new trial and order granting same appealable by the State).
We are fully cognizant that the statute affording to the State a right to appeal in enumerated instances sets forth carefully crafted exceptions to the general rule that the State may not appeal in a criminal case. However, from the very fact that the statute gives the State the right to appeal the dismissal of fewer than all counts of an information or indictment, it is apparent that there is no overriding policy limiting appeals by the State only to dismissals that dispose of the entire case. Moreover, a ruling that the State may not appeal a reduction of a charge could be avoided in future cases by the cumbersome expedient  which we should hardly want to encourage  of the State filing informations and indictments which allege the greater and lesser-included offenses in separate counts, see Hicks v. State, 414 So.2d 1137 (Fla. 3d DCA 1982) (no double jeopardy bar to charging greater and lesser offense in separate counts of same information), so that a motion directed to the count describing the greater offense would necessarily be one to dismiss. Surely the result in the present case should not turn on the fact that the State, consistent with its long standing practice, charges the greater and all lesser-included offenses in a single count by charging the greater offense only.
Accordingly, concluding that we have jurisdiction over the State's appeal, we deny the defendant's motion to dismiss and *1388 reverse and remand the cause with directions to reinstate the robbery charge.[4]
Reversed and remanded, with directions.
NOTES
[1] John Locke, An Essay Concerning Human Understanding, Bk. III, Ch. X, § 15 (1690).
[2] In Stufflebean, this court held that the offense of robbery occurs even though no force or threat of force precedes or is contemporaneous with the taking of the property, where, as in the present case, force is used to overcome a victim's resistance to the attempted asportation.
[3] The State's right to seek appellate review is purely statutory. State v. Creighton, 469 So.2d 735 (Fla. 1985). Section 924.07, Florida Statutes (1983), gives the State the right to appeal such a dismissal order.
[4] This court's recent decision in State v. Smulowitz, 482 So.2d 1388 (Fla. 3d DCA 1985) (dismissing the State's appeal from an order reducing a charge from second-degree murder to battery), upon which the defendant has so heavily relied, has been vacated on rehearing by a decision rendered this date.