792 So.2d 570 (2001)
STATE of Florida, Appellant,
v.
Patrick RICHARS, Appellee.
No. 4D00-749.
District Court of Appeal of Florida, Fourth District.
July 18, 2001.
Rehearing Denied September 17, 2001.
*571 Robert A. Butterworth, Attorney General, Tallahassee, Donna L. Eng and Debra Rescigno, Assistant Attorneys General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The State appeals the order granting the Defendant's motion to reduce his conviction from robbery to the lesser included offense of resisting a merchant. However, because there is no basis upon which this Court can assert jurisdiction, we dismiss the appeal.
After being found guilty of robbery, the Defendant filed a motion for new trial or, in the alternative, a motion for reduction of his conviction from robbery to the lesser included offenses of petit theft or resisting a merchant. The trial court denied the motion for new trial, but reduced the Defendant's conviction to resisting a merchant pursuant to Rule 3.620, Florida Rules of Criminal Procedure.
Section 924.07, Florida Statutes (2000), sets forth what the state can appeal. It does not authorize an appeal from an order granting a motion under rule 3.620.
The State argues that this Court has jurisdiction because the trial court's reduction to a lesser included offense was tantamount to granting a judgment of acquittal pursuant to Rule 9.140(c)(1)(D), Florida Rules of Appellate Procedure. We disagree.
The trial court's ruling on a rule 3.620 motion does not result in an acquittal, only in a conviction of a lesser offense. Because the State's right to appeal is purely statutory, and section 924.07 does not authorize an appeal from this order, we have no jurisdiction. See State v. Allen, 743 So.2d 532 (Fla. 1st DCA 1997).
DISMISSED FOR LACK OF JURISDICTION.
GUNTHER, KLEIN and HAZOURI, JJ., concur.