854 So.2d 674 (2003)
The STATE of Florida, Appellant,
v.
Alex EXPOSITO, Appellee.
No. 3D02-2467.
District Court of Appeal of Florida, Third District.
June 25, 2003.
*675 Charles J. Crist, Jr., Attorney General, and Michael J. Neimand and Consuelo S. Maingot, Assistants Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellee.
Before GODERICH, FLETCHER, and RAMIREZ, JJ.
FLETCHER, Judge.
Alex Exposito was charged with one count of possession with intent to sell marijuana and one count of trafficking in marijuana. The State nol prossed the possession charge and the jury returned a verdict of guilty on the trafficking charge.
Prior to sentencing, Exposito filed a motion seeking either a new trial or a reduction of the trafficking charge. Exposito argued that the three year mandatory minimum of a sentence imposed for a trafficking conviction is illegal because it was enacted by Chapter 99-188, Laws of Florida, which statute the Second District Court of Appeal declared unconstitutional in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002). In response to the motion the trial court stated:
"Fifth District and the Second District declared Chapter 99 unconstitutional. This previous case followed that case law and ruled it unconstitutional. The court is waiting for the Third District to rule. However, under the concept, I'm bound by the other appellate courts' opinion. The Third District has not spoken on this issue. Based on that, the Defendant's motion to reduce the charges from Trafficking in Cannabis to Possession with Intent, a third degree felony, is well taken. The motion is granted."
R. at 78.
Exposito challenges the State's right to this appeal. Exposito argues that this court has no jurisdiction as section 924.07, Florida Statutes (2000) does not authorize an appeal by the State from a reduction of charge. Exposito relies on State v. Richars, 792 So.2d 570 (Fla. 4th DCA 2001). Therein, the Fourth District Court of Appeal held that section 924.07, Florida Statutes (2000) does not authorize an appeal from an order granting a motion to reduce a charge under rule 3.670, Florida Rules of Criminal Procedure.
We decline to follow the lead of Richars. In State v. Hankerson, 482 So.2d 1386 (Fla. 3d DCA 1986), this court in dealing with a pretrial order reducing a charge stated: "Analytically, an order reducing a charge set forth in the information or indictment to some lesser-included charge is, despite its label, an order dismissing the charge in the information." Hankerson at 1387. As section 924.07 authorizes the State to appeal orders dismissing an indictment or information or any count therein, we conclude that we have jurisdiction over the State's appeal. Further, we reinstate the original charge and conviction[1], and certify conflict with Taylor v. *676 State, 818 So.2d 544 (Fla. 2d DCA 2002), review dismissed, 821 So.2d 302 (Fla.2002), and State v. Richars, 792 So.2d 570 (Fla. 4th DCA 2001).
Reversed and remanded.
NOTES
[1] In State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA 2003), we found Chapter 99-188, Laws of Florida, to be constitutional.