891 So.2d 525 (2004)
Alex EXPOSITO, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-1248.
Supreme Court of Florida.
December 23, 2004.
*526 Bennett H. Brummer, Public Defender and Robert Godfrey, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, and Richard L. Polin, Bureau Chief, Criminal Appeals and Consuelo Maingot, Assistant Attorney General, Fort Lauderdale, FL, for Respondent.
PARIENTE, C.J.
This case presents the issue of whether section 924.07, Florida Statutes (2004), authorizes a State appeal from a post-trial order reducing a charge pursuant to Florida Rule of Criminal Procedure 3.620. The Third District Court of Appeal answered this question in the affirmative. See State v. Exposito, 854 So.2d 674, 675 (Fla. 3d DCA 2003). However, the Third District certified conflict with the Fourth District Court of Appeal decision in State v. Richars, 792 So.2d 570, 571 (Fla. 4th DCA 2001).[1] Based on the plain language of the statute, we hold that section 924.07 does not authorize a State appeal from a post-trial order reducing a charge.

FACTS AND PROCEDURAL HISTORY
In 1999, the Legislature reduced the statutory threshold for a conviction of trafficking in cannabis under section 893.135, Florida Statutes, from fifty to twenty-five pounds of cannabis. See ch. 99-188, § 9, at 1056, Laws of Fla. In March of 2001, Exposito was charged with one count of possession with intent to sell cannabis (count I), and one count of trafficking in cannabis pursuant to section 893.135(1)(a)(1), Florida Statutes (2000), as amended (count II). The State nolle *527 prossed (i.e., voluntarily dismissed) count I, and the jury returned a verdict of guilty as charged on count II.
Prior to sentencing, Exposito filed a motion seeking a new trial or a reduction of count II to possession of cannabis with intent to distribute under rule 3.620. Exposito argued he could not be legally sentenced for a conviction of trafficking, a first-degree felony, in light of the Second District's decision in Taylor v. State, 818 So.2d 544, 550 (Fla. 2d DCA 2002), disapproved of by Franklin v. State, 887 So.2d 1063 (Fla. 2004), declaring chapter 99-188 unconstitutional. The trial court, bound by Taylor,[2] adjudged Exposito guilty of the lesser-included offense of possession with intent to sell, a third-degree felony. Exposito was sentenced to two years' community control. The State appealed the reduction of the trafficking conviction.
Exposito argued on appeal that the Third District was without jurisdiction to hear the State's appeal. Exposito relied on Richars, in which the Fourth District held that a State appeal from a post-trial order reducing a charge to a lesser-included offense pursuant to rule 3.620 was not authorized under section 924.07.
The Third District declined to follow Richars, relying instead on its decision in State v. Hankerson, 482 So.2d 1386 (Fla. 3d DCA 1986). See Exposito, 854 So.2d at 675. In Hankerson, the Third District held that section 924.07 authorized a State appeal from a pretrial order reducing a charge of robbery to theft. See 482 So.2d at 1387. The court reasoned that "[a]nalytically, an order reducing a charge set forth in the information or indictment to some lesser-included charge is, despite its label, an order dismissing the charge in the information." Hankerson, 482 So.2d at 1387.
In Exposito, the Third District found that rationale dispositive and held that section 924.07 authorized a State appeal from a post-trial order reducing Exposito's conviction to a lesser-included offense. See 854 So.2d at 675. The Third District certified conflict with Richars. See id. Additionally, in accord with its decision in State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA 2003), approved, 887 So.2d 1063 (Fla. 2004), holding chapter 99-188 constitutional, the Third District reinstated Exposito's charge and conviction. See id.

ANALYSIS
The State's right to appeal in a criminal case must be "expressly conferred by statute." Ramos v. State, 505 So.2d 418, 421 (Fla.1987); see also State v. Gaines, 770 So.2d 1221, 1227 n. 8 (Fla.2000) (recognizing that the "State's right to appeal an adverse ruling is a limited one that is strictly governed by statute"). Thus, the issue we must decide is whether the State was authorized under section 924.07 to appeal a post-trial order reducing a charge pursuant to rule 3.620.[3]
Section 924.07 provides:

*528 (1) The state may appeal from:
(a) An order dismissing an indictment or information or any count thereof or dismissing an affidavit charging the commission of a criminal offense, the violation of probation, the violation of community control, or the violation of any supervised correctional release.
(b) An order granting a new trial.
(c) An order arresting judgment.
(d) A ruling on a question of law when the defendant is convicted and appeals from the judgment. Once the state's cross-appeal is instituted, the appellate court shall review and rule upon the question raised by the state regardless of the disposition of the defendant's appeal.
(e) The sentence, on the ground that it is illegal.
(f) A judgment discharging a prisoner on habeas corpus.
(g) An order adjudicating a defendant insane under the Florida Rules of Criminal Procedure.
(h) All other pretrial orders, except that it may not take more than one appeal under this subsection in any case.
(i) A sentence imposed below the lowest permissible sentence established by the Criminal Punishment Code under chapter 921.
(j) A ruling granting a motion for judgment of acquittal after a jury verdict.
(k) An order denying restitution under s. 775.089.
(l) An order or ruling suppressing evidence or evidence in limine at trial.
(m) An order withholding adjudication of guilt in violation of s. 775.08435.
(2) An appeal under this section must embody all assignments of error in each pretrial order that the state seeks to have reviewed. The state shall pay all costs of the appeal except for the defendant's attorney's fees.
§ 924.07, Fla. Stat. (2004). In construing this statute, this Court must give the "statutory language its plain and ordinary meaning," Seagrave v. State, 802 So.2d 281, 286 (Fla.2001), and is not "at liberty to add words ... that were not placed there by the Legislature." Hayes v. State, 750 So.2d 1, 4 (Fla.1999). Further, "statutes which afford the government the right to appeal in criminal cases should be construed narrowly." State v. Jones, 488 So.2d 527, 528 (Fla.1986).
The Third District held in this case that the State was authorized under section 924.07(1)(a) to appeal the trial court's order reducing the charge under rule 3.620 because "an order reducing a charge set forth in the information or indictment to some lesser-included charge is, despite its label, an order dismissing the charge in the information." Exposito, 854 So.2d at 675 (quoting Hankerson, 482 So.2d at 1387). The State argues that this Court should approve the Third District's decision or, in the alternative, hold that the State has authority to appeal under section 924.07(1)(j) because a post-trial reduction to a lesser-included offense is in effect a judgment of acquittal after a jury verdict. In contrast, the Fourth District held in Richars that it did not have jurisdiction to consider a similar State appeal because none of the provisions of section 924.07(1) expressly authorize such an appeal. See 792 So.2d at 571. We conclude that the plain language of section 924.07(1) does not authorize the State to appeal an order reducing the charge under rule 3.620.
The Legislature has set forth thirteen specific instances in which the State can *529 appeal in a criminal case, including appeals from three types of post-trial orders: (1) from an order granting a motion for judgment of acquittal after a jury verdict as provided for by Florida Rule of Criminal Procedure 3.380(c)[4]; (2) from an order granting a new trial as provided for by Florida Rule of Criminal Procedure 3.580[5]; and (3) from an order arresting judgment as provided for by Florida Rule of Criminal Procedure 3.610.[6] Absent from this comprehensive list is authorization for the State to appeal a post-trial order adjudicating the defendant guilty of a lesser included offense under rule 3.620. Further, although the Legislature has on several occasions expanded the State's opportunities to appeal in criminal cases by amending section 924.07(1),[7] the Legislature has not chosen to amend section 924.07(1) to expressly authorize an appeal of a post-trial order reducing the charge on which the defendant is convicted.
The Third District has implicitly acknowledged the lack of express authority in section 924.07(1) for an appeal of an order reducing a charge after trial by concluding that the State's appeal in this case was authorized as an appeal from "[a]n order dismissing an indictment or information or any count thereof" as provided for in section 924.07(1)(a). Relying exclusively on its prior decision in Hankerson, the Third District reasoned that the order in this case was included within section 924.07(1)(a) because an order reducing the charge is, "[a]nalytically" and "despite its label," an order dismissing the information on the offense charged. See Exposito, 854 So.2d at 675 (quoting Hankerson, 482 So.2d at 1387). However, because of the different procedural posture in Hankerson, we conclude that the Third District's reliance on that case was misplaced.
While Exposito's case concerns a post-trial motion to reduce the charge under rule 3.620, Hankerson concerned a pretrial motion to reduce the charge under Florida Rule of Criminal Procedure 3.190(c)(4). See Hankerson, 482 So.2d at 1387.[8] The *530 trial court granted the motion and issued an order reducing the charge of robbery to theft. See id. Central to the Third District's decision in Hankerson that the State had the authority to appeal the trial court's order granting the pretrial motion to reduce the charge was that rule "3.190(c)(4), which provides the sole authority for this summary pretrial procedure, and pursuant to which the defendant's motion was filed, authorizes motions to dismiss, not motions to reduce." Id. Thus, the defendant's labeling of the motion as one to reduce rather than to dismiss did not control the appealability of the pretrial order under section 924.07(1)(a). See id.; see also State ex rel. Sebers v. McNulty, 326 So.2d 17, 18 (Fla.1975) (holding that the defendant's motion for a mistrial, which the trial court took under advisement and did not grant until five days after the jury was discharged, was in legal effect a motion for a new trial, making the trial court's decision reviewable).
In this case, the trial court's order was entered pursuant to rule 3.620, which concerns post-trial motions. Rule 3.620 provides that if the evidence is sufficient to convict only on a lesser offense necessarily included in the offense charged, the trial court shall adjudge the defendant guilty of the lesser offense. Thus, unlike the order at issue in Hankerson, which under rule 3.190(c)(4) could only have been a dismissal of the greater charge, an order under rule 3.620 reduces the charge on which the defendant is adjudicated guilty.
Further supporting the conclusion that section 924.07(1)(a) does not authorize a State appeal in this case is our decision in Ramos. Ramos concerned a State cross-appeal from a post-trial order reducing the charge on which the defendant was convicted pursuant to rule 3.620. See 505 So.2d at 418.[9] In Ramos, we addressed two issues arising from two separate Third District decisions. See id. The first concerned whether the State had the statutory authority under section 924.07(4), Florida Statutes (1983),[10] to cross-appeal from a post-trial order reducing a charge to a lesser offense. If a cross-appeal was authorized, the second issue was whether the State's cross-appeal could survive Ramos's voluntary dismissal of the direct appeal.
Ramos filed a motion to dismiss the State's cross-appeal in the Third District, arguing that the State was not authorized to cross-appeal an order granting a rule *531 3.620 motion to reduce the convicted offense. See id. at 419. The district court denied the motion, concluding that the appeal was authorized under section 924.07(4). See id. Ramos then voluntarily dismissed his appeal and renewed his motion to dismiss the cross-appeal. See id. at 420. Concluding that the State's cross-appeal was "wholly dependent on the continuation of the main appeal," the Third District dismissed the cross-appeal. Id.
This Court approved both of the Third District's decisions. See id. at 421. With respect to the Third District's determination that the State's cross-appeal could not be maintained after Ramos voluntarily dismissed his appeal, this Court agreed that "where the cross-appellant could not have initially appealed... the cross-appeal depends entirely on the existence of an appeal." Id. at 421 (quoting Ramos v. State, 469 So.2d 145, 146-47 (Fla. 3d DCA 1985)) (alteration in original). Ramos supports our holding in this case. Had the State's appeal of the order reducing the charge been authorized under section 924.07(1)(a) as an appeal from "[a]n order dismissing an indictment or information or any count thereof," the Court would have held that the State could maintain its cross-appeal regardless of the fact that the defendant dismissed the main appeal.[11]
We also reject the State's argument that it had the authority to appeal in this case under section 924.07(1)(j). In advancing this position, the State essentially employs the same analysis used by the Third District in concluding that the appeal was authorized under subsection (1)(a). However, section 924.07(1) does not grant the State the right to appeal from an order that "effectively" dismisses the information or an order that is in "legal effect" a judgment of acquittal. Answer Brief of Respondent on the Merits at 12-13. As discussed above, equating a reduction of charge to a dismissal or judgment of acquittal conflicts with the well-settled principles of statutory construction that courts are not at liberty to add words to statutes and must give statutory language its plain and ordinary meaning. This type of analysis also conflicts with the Court's obligation to narrowly construe statutes granting the State the right to appeal in criminal cases.

CONCLUSION
We hold that section 927.01(1) does not authorize a State appeal of a trial court order reducing the charge under rule 3.620. The State's right to appeal a post-trial order reducing the charge must be the product of express legislative authorization, not judicial extension of provisions authorizing State appeals in other circumstances. We therefore quash the Third District's decision to the extent it is inconsistent with this opinion and approve the Fourth District's decision in Richars.[12]
It is so ordered.
WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
CANTERO, J., concurs specially with an opinion, in which WELLS, and QUINCE, JJ., concur.
*532 CANTERO, J., specially concurring.
I concur with the majority's holding that the plain language of section 924.07, Florida Statutes (2004), does not authorize the State to appeal a trial court order reducing a criminal charge under Florida Rule of Criminal Procedure 3.620. As the majority notes, however, the Legislature previously has amended the statute expressly to provide the State with additional bases for seeking appellate review. Majority op. at 529 n. 7. I urge the Legislature once again to amend the statute to allow the State to appeal orders reducing a criminal charge.
WELLS and QUINCE, JJ., concur.
NOTES
[1] We have jurisdiction. See art. V § 3(b)(4), Fla. Const.
[2] At the time of the trial court's ruling, the Third District had not addressed the constitutionality of chapter 99-188. Subsequently, the Third District held chapter 99-188 constitutional. See State v. Franklin, 836 So.2d 1112, 1114 (Fla. 3d DCA 2003), approved, 887 So.2d 1063 (Fla. 2004).
[3] Rule 3.620, titled "When the Evidence Sustains Only Conviction of a Lesser Offense," provides:

When the offense is divided into degrees or necessarily includes lesser offenses and the court, on a motion for new trial, is of the opinion that the evidence does not sustain the verdict but is sufficient to sustain a finding of guilt of a lesser degree or of a lesser offense necessarily included in the one charged, the court shall not grant a new trial but shall find or adjudge the defendant guilty of the lesser degree or lesser offense necessarily included in the charge, unless a new trial is granted by reason of some other prejudicial error.
[4] § 924.07(1)(j), Fla. Stat. (2004).
[5] § 924.07(1)(b), Fla. Stat. (2004).
[6] § 924.07(1)(c), Fla. Stat. (2004).
[7] In 1987, in response to this Court's decisions in Ramos and State v. Creighton, 469 So.2d 735, 741(Fla.1985), the Legislature added both subsection (1)(j), authorizing a State appeal from "[a] ruling granting a motion for judgment of acquittal after a jury verdict," and the second sentence in subsection (1)(d), requiring that the appellate court "review and rule upon the question raised by the state regardless of the disposition of the defendant's appeal." See ch. 87-243, § 46, at 1658, Laws of Fla. The amendment to subsection (1)(d) was held unconstitutional. See Page v. State, 677 So.2d 55, 56 (Fla. 1st DCA), approved on other grounds, Page v. State, 684 So.2d 817 (Fla.1996).

In 1992, this Court held that section 924.07 did not authorize an appeal from an order denying restitution. See State v. MacLeod, 600 So.2d 1096 (Fla.1992). The next year, the Legislature added subsection (1)(k), authorizing the State to appeal "an order denying restitution under section 775.089." See ch. 93-37, § 14, Laws of Fla. Most recently, the Legislature added subsection (1)(m), which allows the State to appeal an order withholding adjudication of guilt in violation of newly created section 775.08435, Florida Statutes (2004). See ch.2004-60, § 2, Laws of Fla.
[8] Rule 3.190(c) provides:

(c) Time for Moving to Dismiss. Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or at arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based on fundamental grounds, every ground for a motion to dismiss that is not presented by a motion to dismiss within the time hereinabove provided shall be considered waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:
(1) The defendant is charged with an offense for which the defendant has been pardoned.
(2) The defendant is charged with an offense for which the defendant previously has been placed in jeopardy.
(3) The defendant is charged with an offense for which the defendant previously has been granted immunity.
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.
The facts on which the motion is based should be alleged specifically and the motion sworn to.
[9] This Court acknowledged that the trial court's order was styled as a judgment of acquittal but concluded that the trial court's action, which was in response to three motions filed by the defendant  a motion for a new trial, a renewed motion for acquittal and a motion for a reduced judgment under rule 3.620  was "better understood as a judgment of conviction of a lesser included offense pursuant to rule 3.620." Ramos, 505 So.2d at 420.
[10] This provision allowed the State to appeal "[a] ruling on a question of law when the defendant is convicted and appeals from the judgment." In 1987, this subsection was renumbered as section 924.07(1)(d). See ch. 87-243, § 46, at 1658, Laws of Fla.
[11] As previously noted, in response to Ramos, the Legislature added the second sentence to section 924.07(1)(d), which was subsequently held unconstitutional by the First District in Page.
[12] In addition to certifying conflict with Richars, the Third District certified conflict with the Second District's decision in Taylor on the issue of the constitutionality of chapter 99-188. We subsequently ruled on this issue in Franklin v. State, 887 So.2d1063 (Fla. 2004).