993 So.2d 576 (2008)
Richard GERM and Cheryl Germ, individually, and Richard Germ and Cheryl Germ, as parents and natural guardians of Noah Germ, a minor, Appellants,
v.
ST. LUKE'S HOSPITAL ASSOCIATION, a Florida corporation, Kimberly P. Vanscriver, M.D., Michelle McLanahan, M.D., Joan Marie Macksey, M.D., and Women's Medical Group, P.A., Appellees.
No. 1D07-4265.
District Court of Appeal of Florida, First District.
October 24, 2008.
*577 F. Gregory Barnhart of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach; and Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for Appellants.
Mary Bland Love and Michael D. Kendall of Gobleman, Love, Gavin, Wasilenko & Broughan, L.L.C., Jacksonville, for Appellees.
HAWKES, J.
Appellants challenge the trial court's order granting summary judgment in favor of Appellees, Michelle Macksey, M.D. and Marie McLanahan, M.D. Appellants make two arguments.
First, the 1996 Amendment to section 95.11(4)(b), Florida Statutes (2006), applies to the statute's two-year period of limitations as well as its four-year period of repose. Second, the trial court did not have sufficient facts to support its finding that Appellants were aware of Appellees' alleged malpractice more than two years before they initiated their malpractice action. We disagree, finding (1) the 1996 Amendment operates only to extend the statute's four-year period of repose; and *578 (2) the trial court correctly held that since Appellants were aware of the alleged malpractice more than two-years before they filed suit against Drs. Macksey and McLanahan, their action was barred by the statute's two-year period of limitations.

Facts and Procedural History
On August 14, 1999, Cheryl Germ gave birth to Noah Germ. As of that date, Appellants had knowledge that Cheryl Germ had suffered a ruptured appendix and had undergone an emergency appendectomy during pregnancy. Appellants also had knowledge that Drs. Macksey and McLanahan were involved in the care and treatment of Cheryl Germ, which included attempts to prevent the child's premature delivery. Appellants were further aware that a premature delivery could result in injury to Noah Germ. Attempts to prevent a premature delivery were unsuccessful.
Appellants retained counsel and on May 2, 2001, mailed correspondence to St. Luke's Hospital in Jacksonville, Florida, seeking medical records associated with the care and treatment of Cheryl Germ. On October 29, 2001, Appellants served notices of intent to initiate malpractice litigation on various defendants alleging medical negligence in the care and treatment of Cheryl Germ. Drs. Macksey and McLanahan were not served at this time.
More than two years later, Appellants served Drs. Macksey and McLanahan with additional notices of intent to initiate medical malpractice litigation. Drs. Macksey and McLanahan subsequently filed motions for summary judgment, arguing the claims against them were filed outside the statute of limitations set forth in section 95.11(4)(b), Florida Statutes (2006).
During the hearing on Drs. Macksey and McLanahan's motion for summary judgment, Appellants submitted excerpts of Dr. Van Scriver's August 13, 2003, deposition claiming the testimony therein put them on notice, for the first time, of the doctors' alleged malpractice. Nevertheless, the trial court found that "at least by May 2, 2001, [Appellants] had knowledge of injury and knowledge of the possibility that such injury was caused by medical negligence." Accordingly, the trial court granted summary judgment in favor of Drs. Macksey and McLanahan, holding the two-year period of limitations contained in section 95.11(4)(b) barred Appellants' action.

The 1996 Amendment
Appellants argue that pursuant to section 95.11(4)(b), a medical malpractice action arising from an injury to a minor is never barred by the statute of limitations until the minor is at least eight years old. Specifically, they argue the Florida Legislature clearly intended that the 1996 amendment to section 95.11(4)(b) refer to both the statute's two-year period of limitations and the statute's four-year period of repose.
Statutory interpretation is a purely legal matter and therefore subject to the de novo standard of review. Kephart v. Hadi, 932 So.2d 1086, 1089 (Fla. 2006). When interpreting a statute, courts look first to the statute's plain language. See Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000). If the statute's plain language is clear and unambiguous, courts should rely on the words used in the statute without involving rules of construction or speculating as to the legislature's intent. See Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006). Courts should give statutory language its plain and ordinary meaning, and may not add words that were not included by the legislature. Id.; see Exposito v. State, 891 So.2d 525 (Fla.2004).
Section 95.11(4)(b) sets up three time periods. The first is when the incident *579 giving rise to a malpractice action is known or readily discoverable. It begins to run the day the malpractice occurs, and expires two years from that date. The second is a period of repose. This period is applicable when the incident giving rise to the malpractice action is not, and reasonably could not have been discovered. This second period begins to run the day malpractice occurs, and expires up to four years from that date, depending on whether or not the malpractice could or should have been reasonably discovered during this period. The third period was created by the 1996 amendment. This period applies only to cases involving children under eight years of age and enjoins the statute of repose until at least the child's eighth birthday, so long as the malpractice was not and could not have been reasonably discovered previously. Section 95.11(4)(b), as amended, reads:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued, except that this 4 year period shall not bar an action brought on behalf of a minor on or before the child's eighth birthday.

(Emphasis added).
The language of section 95.11(4)(b) is clear and unambiguous. The 1996 Amendment, which provides, "except that this 4 year period shall not bar an action brought on behalf of a minor on or before the child's eighth birthday," follows the portion of the statute codifying the four-year period of repose. Id. The 1996 Amendment expressly states "this 4 year period," unequivocally referring to the period of repose immediately preceding it. Id.
Accordingly, the statute's plain language extends the four-year period of repose that commences the date an incident of malpractice occurs. Thus, if a child under the age of eight is injured by an incident of malpractice, and the malpractice has not and should not have been discovered, the statute's four-year period of repose extends up to the child's eighth birthday.
Conversely, the statute's plain language does not extend the two-year period of limitations that commences the date an incident of malpractice is or should have been discovered. Thus, if a child under the age of eight is injured by an incident of malpractice, and the malpractice is or should have been discovered prior to the child's eighth birthday, the statute's two-year period of limitations begins to run and may extinguish the claim prior to the child's eighth birthday.
Appellants' proposed interpretation of the 1996 Amendment is inconsistent with the statute's plain language. The trial court correctly held that the 1996 Amendment refers only to the four-year period of repose enumerated in section 95.11(4)(b), not the statute's period of limitations.

The Summary Judgment
Appellants further argue that the trial court erred, as a matter of law, in finding section 95.11(4)(b) barred their malpractice action. We disagree. The two-year period of limitations for medical malpractice actions set forth in section 95.11(4)(b) expired before Appellants initiated their action against Appellees.
This court reviews trial court orders granting summary judgment de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). Summary judgment is proper where there is no genuine issue of material fact and the *580 moving party is entitled to judgment as a matter of law. Id.
The period of limitations in section 95.11(4)(b) expires at least two years from the date an injured party first has knowledge of a reasonable possibility that medical malpractice caused an injury. See Tanner v. Hartog, 618 So.2d 177, 181-182 (Fla.1993) (holding "the knowledge of the injury as referred to in the rule as triggering the statute of limitations means not only knowledge of the injury but also knowledge that there is a reasonable possibility that the injury was caused by medical malpractice").
Here, Appellants failed to initiate litigation against Drs. Macksey and McLanahan prior to the expiration of the period of limitations set forth in section 95.11(4)(b). On August 14, 1999, Cheryl Germ gave birth to Noah Germ. As of that date, Appellants had knowledge that Cheryl Germ had suffered a ruptured appendix and had undergone the emergency appendectomy that led to her delivering Noah Germ prematurely. Appellants retained an attorney to investigate and represent them in the resulting medical malpractice action, then initiated an action against various defendants alleging "medical malpractice in the care and treatment of Cheryl Germ." Appellants did not name Drs. Macksey and McLanahan in the initial action.
Pursuant to section 766.203, Florida Statutes (2006), Appellants were required to investigate their claim and confirm reasonable grounds existed to commence a medical malpractice action. To the extent Appellants had their potential claim investigated, the means to discover any alleged negligence on the part of Drs. Macksey and McLanahan were readily available. Therefore, pursuant to section 95.11(4)(b), Appellants were barred from bringing a claim against any new defendants at least two years from October 29, 2001, the date on which, after having requested, received and studied the medical records, they served their notices of intent to institute medical malpractice litigation on the initial individuals and entities.
Appellants contend that they were unaware of Drs. Macksey and McLanahan's involvement in the alleged malpractice prior to the expiration of the statute's two-year period of limitations, and that they are presently entitled to bring suit against Appellees pursuant to King ex rel. Murray v. Rojas, 767 So.2d 510, 512 (Fla. 4th DCA 2000).
Appellants cite King to argue the record before the trial court was not "so crystallized" as to demonstrate, beyond dispute, that they should have known of a reasonable possibility Appellees' malpractice caused the child's injuries prior to the expiration of the statute's two-year period of limitations. Appellants argue the malpractice occurred over several days and involved numerous healthcare providers, making it impossible for them to identify all parties responsible. Appellants further argue that, similar to King, it was not until Dr. Van Scriver's deposition was taken that they became aware of Appellees' potential involvement in the malpractice.[1]
Appellants' reliance on King is misplaced. In King, the record indicated that the nature of the malpractice was such that it could not have been readily attributed *581 to either the mother's physician or her obstetrician. Id. The record further indicated a reasonable possibility that the plaintiffs did not learn the obstetrician's malpractice contributed to their child's injury until after the statute of limitations on their action had expired. Id.
Here, unlike King, the record indicates that Appellants knew or should have known after their initial investigation that Drs. Macksey and McLanahan contributed to the alleged malpractice. Appellants have failed to persuasively explain how Dr. Van Scriver's deposition testimony communicated a possibility of medical malpractice on the part of Appellees that was not evident before the statute's two year period of limitations barred their action. Accordingly, Appellants have failed to establish a genuine issue of fact precluding summary judgment. We AFFIRM the lower court's ruling.
WEBSTER and LEWIS, JJ., concur.
NOTES
[1] Appellants' argument is unsupported by Dr. Van Scriver's testimony. The excerpts of Dr. Van Scriver's deposition relied upon by Appellants do not implicate Appellees in the failure to timely diagnose appendicitis, nor do they implicate Appellees in malpractice for treatment rendered after the appendectomy. Furthermore, Dr. Van Scriver was not in any way critical of Appellees' treatment of Cheryl Germ and her testimony did not result in a revelation that Appellees were somehow negligent.