PER CURIAM.
 

 Citing in its notice of appeal to section 924.07, Florida Statutes (2009), as its jurisdictional authority for doing so, the state appeals the lower tribunal’s “Order on Motions to Dismiss” in two related criminal proceedings. Appellees move to dismiss the appeals for lack of jurisdiction, asserting that the order is not final and not
 
 *1267
 
 ■within the class of nonfinal orders appeal-able by the state under the statute and corresponding rule of appellate procedure. We sua sponte consolidate the cases for disposition by this opinion, and dismiss the appeals for lack of jurisdiction.
 

 Appellees were the subject of a grand jury investigation into certain alleged instances of misconduct. In brief, the grand jury found that at the request of and for the benefit of his friend Odom, Sansom arranged with codefendant Richburg, President of Okaloosa-Walton Community College (now known as Northwest Florida State College), to secure a legislative appropriation to fund the construction of a hanger facility at the Destín airport. The plan was to have the college construct the building, include some classrooms in the space so it could be called an educational facility for purposes of securing funding, then lease the bulk of the space to Odom for his private use in connection with his aviation business. Because of his positions as Chair of the House Appropriations Committee and Speaker-Designate, San-som was able to bypass the normal screening procedures and secure the appropriation.
 

 Based on these findings, the grand jury returned indictments against Odom and Sansom for official misconduct in violation of section 839.25(l)(b). In material part, the indictments alleged that appel-lees participated in the falsification of “an official record or official document, the 2007-2008 General Appropriations Act and/or the Joint Use Project Note, with corrupt intent to obtain a benefit for any person, or to cause harm to another.... ” The grand jury also indicted Sansom for perjury, alleging that he made false sworn statements when “he testified that the building that was the subject of the Grand Jury investigation was not intended for private use and/or the increased funding in 2008 to Northwest Florida State College was at the request of the college.... ” Appellees moved to dismiss the indictments and following a hearing, the trial court entered the order for which the state now seeks review. As to the official misconduct charge, the court found that with regard to the alleged falsification of the Appropriations Act, “acts of legislation cannot, as a matter of law, be falsified ... by the misrepresentations of a single member [of the legislature] as to the act’s purpose.” The circuit court thus concluded that the motions to dismiss as to the charges of official misconduct for falsifying the Appropriations Act would be granted. However, as to the alternative allegation that the Joint Use Project Note had also been falsified, the circuit court found as follows:
 

 The record before me is simply inadequate for me to make a determination as to whether a falsification of this document may constitute a violation of the statute. The facts relative to this document are not set forth in the motions to any degree, nor is there any argument related to it. I cannot tell from the record what exactly it is and how it relates to the Appropriations Act.
 

 Additionally, the court ruled that appel-lee Sansom’s grand jury testimony regarding the intention of the appropriation was an expression of opinion and could not form the basis of a perjury prosecution, although the alleged statement that the increased funding was requested by the college was a statement of fact, and thus could support the perjury charge.
 

 The decretal portion of the circuit court’s order thus provided:
 

 For the reasons set forth above, it is ORERED (sic) AND ADJUDGED that the motions as to the charges of Official Misconduct for falsifying the Appropriations Act, and the perjury charge
 
 *1268
 
 against defendant Richburg
 
 [1]
 
 are hereby granted. In all other respects, the motions are denied.
 

 In support of their motions to dismiss the state’s appeals, appellees argue that although section 924.07(l)(a) and Florida Rule of Appellate Procedure 9.140(c)(1)(A) contain identical language authorizing the state to appeal from orders “dismissing an indictment or information or any count thereof,” the indictments here have not been dismissed nor has any count of those indictments been dismissed. The only reported instances where the state has been permitted to appeal without an outright dismissal of charges are distinguishable on their facts because they involved orders in which the trial court reduced the original charge to a Iesser-included offense as a result of pretrial motions to dismiss. In that situation, the appellate court viewed the trial court’s action as being the “functional equivalent of a dismissal of an information or any count thereof.”
 
 See State v. Smulowitz,
 
 482 So.2d 1388, 1389 (Fla. 3d DCA 1986);
 
 see also State v. Hankerson,
 
 482 So.2d 1386, 1387 (Fla. 3d DCA 1986) (finding that “[a]nalytically, an order reducing a charge set forth in the information or indictment to some Iesser-included offense is, despite its label, an order dismissing the charge in the information.”). Moreover, the same court subsequently relied on this reasoning in another ease to conclude that the state could likewise appeal an order that reduced charges post-trial, but the Supreme Court reversed in
 
 Exposito v. State,
 
 891 So.2d 525 (Fla.2004), holding that section 924.07(1) does not grant the state the right to appeal from an order that “effectively” dismisses an information that is “in legal effect a judgment of acquittal.”
 
 Id.
 
 at 531. The court noted that equating a reduction of charges to a dismissal or judgment of acquittal conflicts with the well-established rule that courts are not at liberty to add words to statutes and must give the statutory language its plain and ordinary meaning.
 

 Although
 
 Expósito
 
 did not expressly overrule
 
 Hankerson
 
 or
 
 Smulowitz,
 
 it casts doubt on their continued viability. Be that as it may, we conclude that
 
 Han-kerson
 
 and
 
 Smulowitz
 
 are nonetheless not controlling because the rationale employed in those cases depended on the conclusion that the trial courts had “dismissed” charges made in the respective informa-tions, albeit merely by reduction to Iesser-included offenses. In contrast, the trial court’s order here did not operate to dismiss, by reduction or otherwise, the official misconduct and perjury charges lodged against appellees in the grand jury’s indictments. The state’s right to appeal is a limited one that is strictly governed by statute.
 
 See State v. Gaines,
 
 770 So.2d 1221 (Fla.2000). Statutes affording the state the right to appeal should be narrowly construed, and as the court recognized in
 
 Expósito,
 
 the statutory language must be given its plain and ordinary meaning.
 
 Expósito
 
 at 528. Plainly, the circuit court’s order here does not dismiss an indictment or any count thereof, and because there is otherwise no statutory authority for the state to appeal in this circumstance, we are without jurisdiction.
 

 APPEALS DISMISSED.
 

 BARFIELD, WOLF, and LEWIS, JJ., concur.
 

 [1]
 

 . The state's appeal of the order as it relates to the dismissal of the perjury charge against Richburg remains pending and is unaffected by this opinion.