CRENSHAW, Judge.
The State of Florida appeals an order granting Jarvis Green’s motion for judgment of acquittal after jury trial. Pursuant to the motion, the circuit court reduced Green’s conviction from burglary of an unoccupied dwelling to trespass. We have jurisdiction.[1] Because the court erred in reducing the charge rather than ordering a *1148 new trial, we reverse the judgment and order a new trial. We also certify a question of great public importance.
Green was charged in 2012 with burglary of an unoccupied dwelling and petit theft; he was not charged with trespass. He was acquitted by a jury of the petit theft charge and convicted of the burglary. Before sentencing, Green filed an omnibus posttrial motion seeking a new trial, judgment of acquittal, or arrest of judgment but did not seek relief pursuant to Florida Rule of Criminal Procedure 3.620. The merits of the motion were that a 911 call containing inadmissible hearsay was admitted into evidence and became a feature of the trial. The court agreed that admission of the call was error and prejudiced Green; the State disagreed. Though the court determined that the burglary conviction could not stand without the 911 call, it concluded that there was sufficient evidence to convict Green of trespass. In accordance -with that determination the burglary conviction was reduced to a conviction for trespass and the State appealed. We reverse the judgment and explain the remedy the court should have used below.

Why a Judgment of Acquittal Could Not Be Granted

While it is appropriate to grant a judgment of acquittal of a greater charge where the evidence only supports a lesser charge, such is not the case here. The court below “acquitted [burglary] down to trespass.” After the motion was granted, Green was convicted of trespass but not burglary; trespass was not charged in the information. Because trespass was not charged and Green did not stipulate to an amendment of the charging document he could not be convicted of that offense unless trespass were a necessarily lesser-included offense. See Johnson v. State, 981 So.2d 680, 681 (Fla. 2d DCA 2008) (“ ‘[D]ue process prohibits a defendant from being convicted of a crime not charged in the information or indictment.’ ” (quoting Crain v. State, 894 So.2d 59, 69 (Fla.2004))). However, trespass is not a necessarily lesser-included offense of burglary. See Fla. Std. Jury Instr. (Crim.) 18.1; see also § 810.02, Fla. Stat. (2012) (defining and criminalizing burglary). Rather, it is a category two, or permissive, lesser-included offense of burglary of a dwelling. Fla. Std. Jury Instr. (Crim.) 13.1; see Hannah v. State, 42 So.3d 951, 953 (Fla. 4th DCA 2010) (“ ‘Trespass is a permissive or category 2 lesser-included offense of burglary of a conveyance.’” (quoting Thomas v. State, 591 So.2d 259, 260 (Fla. 4th DCA 1991))). Because an “acquittal down” can only be done when the lesser charge is necessarily a lesser-charged offense and burglary does not necessarily include trespass, a judgment of acquittal was improper on this ground. See Hannah, 42 So.3d at 953; cfi Sellers v. State, 838 So.2d 661 (Fla. 1st DCA 2003) (holding that trial court erred in denying a motion for judgment of acquittal as to grand theft where there was insufficient evidence of value and ordering reduction to necessarily lesser-included offense of petit theft.)

New Trial Was the Appropriate Relief in this Case

This brings us to the question of the proper remedy. Green sought three types of relief — new trial, judgment of acquittal, and arrest of judgment. We have already discussed why a judgment of acquittal was not the appropriate relief in this case. As to a motion for an arrest of judgment, in this case the motion is inap-posite and lacks merit. See Fla. R. Crim. P. 3.610. On the other hand, a criminal court is empowered to grant a new trial, among other circumstances not relevant here, where “[t]he verdict is contrary to *1149 law or the weight of the evidence” or “[t]he court erred in the decision of any matter of law arising during the course of the trial,” in the latter case so long as prejudice is established. Fla. R. Crim. P. 3.600(a)(2), (b)(6); see Fla. R. Crim. P. 3.580. Thus, upon proper motion, once the trial judge properly determines that prejudicial information was erroneously admitted during trial and where it cannot grant a motion for judgment of acquittal nor arrest the judgment, it must grant a new trial. Accordingly, in this case the court could only issue one form of relief, and that is a new trial.

Florida Rule of Criminal Procedure 3.620 is Inapposite

Green seeks dismissal of this appeal arguing that we do not have jurisdiction over orders granting relief pursuant to Florida Rule of Criminal Procedure 3.620. See Exposito v. State, 891 So.2d 525, 529-31 (Fla.2004). The court did not grant relief under the rule. Moreover, rule 3.620 is inapposite to this case.
Rule 3.620 reads in full, with emphasis added:
When the offense is divided into degrees or necessarily includes lesser offenses and the court, on a motion for new trial, is of the opinion that the evidence does not sustain the verdict but is sufficient to sustain a finding of guilt of a lesser degree or of a lesser offense necessarily included in the one charged, the court shall not grant a new trial but shall find or adjudge the defendant guilty of the lesser degree or lesser offense necessarily included in the charge, unless a new trial is granted by reason of some other prejudicial error.
“ ‘When a rule is clear and unambiguous, courts will not look behind the rule’s plain language or resort to rules of construction to ascertain intent.’ ” Kidder v. State, 117 So.3d 1166, 1170-71 (Fla. 2d DCA 2013) (quoting Weston TC LLLP v. CNDP Mktg. Inc., 66 So.3d 370, 375 (Fla. 4th DCA 2011)). Because burglary of an unoccupied dwelling is not an offense that necessarily includes trespass, and Green’s charge was not divided into degrees, rule 3.620 is inapplicable.
Green points out that in Expósito the court explicitly approved State v. Richars, 792 So.2d 570 (Fla. 4th DCA 2001). See Expósito, 891 So.2d at 531. In Richars, the Fourth District dismissed an appeal from the grant of relief under rule 3.620 as concluding that it lacked jurisdiction. Ric-hars, 792 So.2d at 571. Richars, like this case, resulted from an “acquittal down” in the context of permissive lesser offenses. Id. Specifically, Richars dealt with robbery and its permissive lesser offense of resisting a merchant. See Fla. Std. Jury Instr. (Crim.) Robbery. Neither the Richars court nor the Expósito court noted the discrepancy between the facts of Richars and rule 3.620’s text we discuss above. Although we adhere to the letter of the rule, we certify the following question as one of great public importance:
DOES FLORIDA RULE OF CRIMINAL PROCEDURE 3.620 APPLY IN CASES WHERE NO OFFENSE DIVIDED INTO DEGREES IS CHARGED AND THE DEFENDANT SEEKS REDUCTION OF HIS CONVICTION TO A PERMISSIVE LESSER-INCLUDED OFFENSE?

Conclusion

We recognize the court’s need to grant relief based on its determination that prejudicial, inadmissible evidence was adduced at trial, but rule 3.620 is inapposite and a motion for judgment of acquittal could not be granted in this case. However, a new trial could have, and should have, been granted.
*1150 Reversed and remanded for new trial; question of great public importance certified.
CASANUEVA and BLACK, JJ., Concur.

. See art. V, § 4(b)(1), Fla. Const, (providing authority of district courts of appeal to hear appeals of right from final judgments or orders); § 924.07(l)(j), Fla. Stat. (2012) (creating the State’s substantive right to appeal from a judgment of acquittal after jury trial); Fla. R. App. P. 9.140(c)(1)(E) (effectuating by procedural rule the State’s right to appeal a judgment of acquittal after jury trial).